**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Grossman,<br><br>  Plaintiff,<br><br>vs.<br><br>JoAnne B. Barnhart, Commissioner of Social Security,<br><br>  Defendant. | No. 05-CV-1170-PHX-FJM<br><br>**ORDER** |

**I**

On November 24, 2003, an Administrative Law Judge ("ALJ") issued a decision denying Jack Grossman Social Security benefits. The Appeals Council of the Social Security Administration subsequently denied Grossman's request for review. Grossman then filed this action for review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). We have before us Grossman's motion for summary judgment (doc. 7), defendant's response and cross-motion for summary judgment (docs. 9 and 10), and Grossman's response in opposition to defendant's cross-motion and reply in support of his motion (doc. 15).

"The Commissioner's decision to deny benefits will be overturned only if it is not supported by substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (quotation omitted). We conclude that the ALJ's decision is not supported by substantial evidence, and is based on legal error. Accordingly,

we grant Grossman's motion for summary judgment, deny defendant's motion for summary judgment, and remand for further proceedings.

**II**

**A**

This dispute hinges on whether Grossman is "disabled" for purposes of Social Security benefits. An individual is not "disabled" for these purposes "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). Substance abuse is not a material factor if "an individual would still be found disabled if []he stopped using alcohol or drugs." Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998) (citing 20 C.F.R. § 404.1535(b)(1)). In making this determination, an ALJ must evaluate "which of [the claimant's] current physical and mental limitations . . . would remain if [he] stopped using drugs or alcohol and then determine whether any or all of [his] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2). "If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow." Brueggemann v. Barnhart, 348 F.3d 689, 693 (8th Cir. 2003).

The ALJ concluded that when Grossman "abuses substances . . . he could not sustain work activity"; that "[w]hen he does not abuse substances, he can perform and sustain work activity"; and therefore "[d]rug and [a]lcohol usage is a material factor which is excessively intertwined in the claimant's medical impairments."[1] Tr. at 26. Grossman argues that this conclusion is not based upon substantial evidence.

---

[1] Disability shall not be denied merely because a substance abuse problem is "intertwined" with other mental impairments. Sousa, 143 F.3d at 1245. Instead, an ALJ must find that the disability would not remain if the claimant stopped using the substance. Id. The ALJ states that the substance abuse is "excessively intertwined" with Grossman's medical impairments, but he nonetheless based his decision on the correct test.

1    The ALJ relied upon the report of psychologist Armando Bencomo. Tr. at 24-25. The
2 report is, inter alia, probative of the fact that Grossman abuses substances, and that he can
3 perform some work related tasks. Tr. at 351. It appears that the ALJ perceived Bencomo's
4 report as evidence of Grossman's capabilities absent substance abuse.  Tr. at 24-25.
5 However, while the report examines Grossman's work related capabilities, it does not specify
6 that these are Grossman's abilities in the absence of substance abuse. To the contrary, the
7 report states that alcohol abuse may be active, tr. at 350, and the ALJ concluded that
8 Grossman was abusing substances at the time, tr. at 25. Therefore, while this evidence is
9 probative as to Grossman's capabilities, it does not show that substance abuse is material to
10 a disability finding.

11    The ALJ also relied upon the testimony of Dr. Edward Jasinski, the medical expert:
12 "Jasinski indicated in his testimony that, without [d]rugs and [a]lcohol, the claimant did not
13 meet or equal any listing." Tr. at 25.  On the contrary, Jasinski testified, based upon the
14 treatment notes of Dr. Ivan McCrum, Grossman's treating psychiatrist, that drug and alcohol
15 usage is not a material factor in the determination. Tr. at 61. Jasinski appeared to disagree
16 with McCrum's treatment notes, and testified that in his opinion, "[d]rug and alcohol usage
17 is present," id., but he never testified that absent that presence, Grossman would not meet the
18 disability listing.

19    The ALJ also made references to the "medical record" and the "record overall." Tr.
20 at 25. However, except for McCrum's opinion, which the ALJ disregarded, the ALJ did not
21 identify any particular record that considers whether Grossman's mental limitations would
22 exist absent substance abuse. For all of these reasons, we conclude that the ALJ's decision
23 was not based upon substantial evidence.

**B**

25    Grossman receives a disability pension from the Veterans Administration ("VA").
26 The ALJ recognized that Grossman receives that pension, tr. at 23, but he did not consider
27 the VA's disability determination in reaching his conclusion, or offer reasons for disregarding
28 that determination. An ALJ must give "great weight" to a VA disability rating, unless he

identifies "persuasive, specific, [and] valid reasons" for giving it lesser weight. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ erred by failing to properly consider the VA disability determination.[2]

## C

The ALJ gave "little weight" to McCrum's opinions. Tr. at 25. Normally, great weight should be given to a treating physician's opinion. Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). However, "[w]hen there is conflicting medical evidence, the [ALJ] must determine credibility and resolve the conflict." Id. The ALJ concluded that McCrum's opinions were not credible because they were premised on incorrect information that is "inconsistent with the record." Tr. at 25. McCrum's progress notes dated January 27, 2003 and April 10, 2003 state that Grossman had not consumed alcohol since November 18, 2000.[3] Tr. 443-44. However, another progress note signed by McCrum, also dated April 10, 2003, identifies symptoms of alcohol abuse and recommends group therapy for alcohol abuse, tr. at 441-42; a VA progress note entered February 26, 2002 documents alcohol use within the previous two weeks, and drug abuse within the previous month, tr. at 496-97; Grossman testified before the ALJ that he still consumed alcohol, tr. at 48; and Dr. Jasinski testified that "[d]rug and alcohol usage is present," tr. at 61. Grossman's disability determination hinges substantially on the effect of his substance abuse, and at least some of McCrum's statements with regard to substance use are inconsistent with the record on the whole. Therefore, the ALJ reasonably gave "little weight" to McCrum's opinions.

---

[2] Defendant sets forth several reasons for disregarding the VA determination, but we review an agency's determination based upon the rationale articulated by the ALJ. See Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168, 83 S. Ct. 239, 246 (1962).

[3] McCrum entered another progress note on April 10, 2003 which states that "there has been no evidence of active alcoholism or drug abuse" since January 10, 2003. Tr. at 442. In his arguments, Grossman confuses this progress note with the progress notes upon which the ALJ relied, which state that Grossman had consumed no alcohol since November 18, 2000.

- 4 -

**D**

The ALJ did not consider the questionnaire completed by Judith Gill, Grossman's sister, in which she commented on Grossman's capabilities, and stated that Grossman "[h]as not been drinking for 2 years." Tr. at 196. An ALJ need not discuss evidence which is not significant and probative. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted). The ALJ clearly supported his conclusion that Grossman's alcohol consumption is ongoing. Gill's statement that Grossman had not been drinking for 2 years undermines the probative value of her other statements. Therefore, the ALJ did not err in disregarding Gill's discredited statements.

**III**

Grossman seeks remand for an award of benefits. "We may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). However, here, further administrative proceedings would be useful to unearth the nature and effect of the VA disability determination, and to clarify whether or not Grossman's disability would exist absent his substance abuse.

Accordingly, **IT IS ORDERED GRANTING** plaintiff's motion for summary judgment and **REMANDING** for additional evidence and findings consistent with this Order under sentence four of 42 U.S.C. § 405(g) [immediate entry of judgment] (doc. 7).

**IT IS FURTHER ORDERED DENYING** defendant's motion for summary judgment (doc. 10).

DATED this 5th day of May, 2006.

Frederick J. Martone
Frederick J. Martone
United States District Judge